**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**09-806**

**JUVONTE LAMARK TURNER**

**VERSUS**

**BOBBY D. HICKMAN, ET AL.**

\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE**
**THIRTIETH JUDICIAL DISTRICT COURT**
**PARISH OF VERNON, NO. 80,653, DIV. C**
**HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and David E. Chatelain,[*]
Judges.

**AFFIRMED.**

**Tony C. Tillman**
**Attorney at Law**
**P. O. Drawer 648**
**Leesville, LA 71496-0648**
**(337) 239-7983**
**Counsel for Defendant/Appellee:**
 **Bobby D. Hickman, in his**
 **capacity as the Chief of Police**
 **and Leesville Police Department**

_____

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Juvonte L. Turner, Pro se**
**D.O.C. #308598 - Cypress-1**
**Louisiana State Penitentiary**
**Angola, LA 70712**

**DECUIR, Judge.**

Juvonte Lamark Turner filed suit against Leesville Chief of Police Bobby D. Hickman seeking a writ of mandamus ordering the custodian of records for the Leesville Police Department to produce the initial offense reports, supplemental report, investigation report, and all witness statements related to his 1995 arrest for second degree murder. The Chief answered contending that all records in the possession of the Leesville Police Department have been provided. The trial court denied the petition. Turner appeals.

Turner wrote a letter from the Louisiana State Penitentiary in Angola to Hickman requesting the initial offense reports, supplemental report, investigation report, and all witness statements.

In response, on December 18, 2008, the Chief sent all the records in the possession of the Leesville Police Department and advised Turner that this was a state offense and that he should send his request to the Vernon Parish District Attorney or Clerk of Court. Turner filed an application for a writ of mandamus ordering the Leesville Police Department to produce the requested documents. The trial court rendered judgment in favor of the Chief and dismissed Turner's suit with prejudice at Turner's cost.

## DISCUSSION

Turner contends that the trial court erred in denying the writ of mandamus ordering the production of the initial offense reports, supplemental report, investigation report, and all witness statements. The Chief contends Turner has been provided with all the records in the possession of the Leesville Police Department.

Under La.R.S. 44:1-41, the public may obtain access to various public records. If a request is denied, the right of access may be enforced by writ of mandamus,

injunctive or declaratory relief, together with attorney's fees, costs and damages, as provided in La.R.S. 44:35. Generally, any person of the age of majority may inspect, copy, or reproduce a public record. La.R.S. 44:31(B)(1). The custodian of the record bears the burden of proving that a public record is not subject to inspection, copying, or reproduction. La.R.S. 44:31(B)(3).

An individual who is in custody after sentencing on a felony conviction and who has exhausted his appellate remedies is permitted access to public records if his request is limited to grounds upon which he could file for post-conviction relief under La.Code Crim.P. art. 930.3. La.R.S. 44:31.1.

The trial court found that the Chief complied with Turner's request and, therefore, denied the motion for writ of mandamus.

Turner also contends that the Chief violated La.R.S. 44:34 and 44:36 by failing to send a certificate stating the reasons for the absence of the requested material and by failing to maintain the records. The Chief correctly asserts that he complied with La.R.S. 44:34 by sending Turner a certified letter with the documents he had and directing him to the likely custodian of additional records. In addition, under La.R.S. 44:36(E)(1), the Leesville Police Department was not required to maintain records for Turner's 1995 arrest because the statutorily mandated retention period had run.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to Juvonte Lamark Turner.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.